Electronically Filed - Jackson - Kansas City - November 04, 2020 - 02:57 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| MARY PAT JOHNSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF BLUE SPRINGS, | ) |
| MISSOURI | ) |
| Serve: | ) |
| Sheryl Morgan, City Clerk | ) |
| 903 W. Main St. | ) |
| Blue Springs, MO 64015 | ) |
| | ) Case No. |
| BOB MUENZ, in his individual | ) |
| capacity as CHIEF OF POLICE | ) |
| BLUE SPRINGS POLICE | ) |
| DEPARTMENT, | ) |
| Serve: | ) |
| Sheryl Morgan, City Clerk | ) |
| 903 W. Main St. | ) |
| Blue Springs, MO 64015 | ) |
| | ) |
| BRADLEY HEATH, | ) |
| Serve: | ) |
| Sheryl Morgan, City Clerk | ) |
| 903 W. Main St. | ) |
| Blue Springs, MO 64015 | ) |
| | ) |
| and | ) |
| | ) |
| UNIDENTIFIED CORRECTIONS | ) |
| OFFICERS 1-5, | ) |
| Serve: | ) |
| Sheryl Morgan, City Clerk | ) |
| 903 W. Main St. | ) |
| Blue Springs, MO 64015 | ) |
| | ) |
| Defendants. | ) |

<u>**PETITION**</u>

EXHIBIT 2

1

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Eighth Amendment to the United States Constitution, as made applicable to the States through the Fourteenth Amendment against the City of Blue Springs, Missouri. This action also asserts 42 U.S.C. § 1983 claims for negligent hiring and supervision, as well as state law claims for negligent hiring, negligent supervision and negligent training.

2.     It is alleged that Defendants' deliberate indifference to serious medical needs and actions resulted in the unnecessary and wanton infliction of pain on Plaintiff Mary Patricia Johnson, thereby violating her rights under the Eighth Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment, which grants prisoners freedom from cruel and unusual punishment. It is further alleged that this violation was committed as a result of the policies and customs of the City of Blue Springs, Missouri.

3.     It is alleged that the Defendants negligently caused significant and ongoing medical issues to Mary Johnson by failing to provide adequate and proper medical care for her serious emergency medical needs.

**PARTIES, JURISDICTION & VENUE**

4.     Plaintiff Mary (McGroarty) Johnson is and was, at all relevant times, a resident of Jackson County, Missouri.

5.     The City of Blue Springs Police Department, at all relevant times, was an agency of the City of Blue Springs ("Blue Springs") which operates, administers, and is responsible for the department. The City of Blue Springs Police Department provides,

2

among other things, law enforcement services and operates the Blue Springs Jail. The City of Blue Springs, Missouri is a municipal corporation incorporated under the laws of the State of Missouri. The City of Blue Springs, at all relevant times, employed Defendants Muenz, and John and Jane Doe Defendants.

6.      The City of Blue Springs Jail, at all relevant times, was a temporary holding facility for inmates awaiting trial or transfer to another facility operated by the City of Blue Springs Police Department.

7.       Chief Muenz, at all relevant times, was responsible for the operation of the Blue Spring Municipal Jail, the hiring, supervision, training, activities, and conduct of their personnel, and for the welfare of all the inmates of that facility.

8.      Officer Bradley Heath, at all relevant times, is an individual who was employed by Defendant Blue Springs.

9.      At the time of the incident, Plaintiff was incarcerated in the Blue Springs Municipal Jail.

10.     Defendant John and Jane Does 1 – 5 are City of Blue Springs Police Officers who as of yet have not been identified who were employed by Defendant City of Blue Springs, Missouri who took part in the events alleged herein.

11.     At all times mentioned in this complaint, each individual Defendant was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the City of Blue Springs, Missouri.

12.     All of the acts and omissions of Defendants occurred in the City of Blue Springs, Jackson County, Missouri. Therefore, jurisdiction and venue are proper in the

Jackson County Circuit Court. The Jackson County Circuit Court also has jurisdiction over Plaintiffs' federal claims pursuant to 42 U.S.C. § 1903. See, *Howlett v. Rose*, 496 U.S. 356, 358 (1990).

## FACTS COMMON TO ALL COUNTS

13.     On August 23, 2018, Mary Pat (McGroarty) Johnson ("Johnson") was arrested by Independence, Missouri police officers on suspicion of shoplifting.

14.     Johnson was, at all relevant ties, an insulin-dependent diabetic.

15.     The arresting officers transported Johnson to the Independence municipal jail, where she was screened by medical personnel and deemed fit for confinement.

16.     In the early morning hours of August 23, 2018, Johnson was transferred to the Blue Springs Municipal Jail because of two outstanding bench warrants for unpaid traffic tickets.

17.     When Johnson arrived at the Blue Springs Municipal Jail, she was screened by medical personnel and deemed fit for confinement.

18.     Upon arrival at the Blue Springs Municipal Jail, Johnson also completed and signed a Personal Property and Medical Survey Form in which she was asked if she had any medical conditions, and Johnson wrote, "Diabetes, anxiety."

19.     Johnson also informed Officer Bradley Heath that she was diabetic.

20.     According to Johnson's Prisoner Medication Log, confirming that Defendants knew that she was an insulin dependent diabetic, Johnson was given 0.4 milligrams of insulin at 8:00 a.m. on August 23, 2018.

21.     Johnson was not provided any food or insulin for the rest of the day.

22.     During the afternoon of August 23, 2018, Johnson began exhibiting the signs of hypoglycemia, such as lightheadedness, confusion, and weakness.

23.     Johnson plead for help from the confines of her jail cell.

24.     Blue Springs jail personnel contacted the City of Blue Springs Fire Department ("BSFD") who were dispatched to the jail to check on Johnson.

25.     When BSFD arrived, they checked Johnson's glucose level, which was at a dangerously low 41.

26.     At or around 5:15 p.m., Johnson was given some glucose and stabilized. Shortly after the BSFD departed, Johnson was provided dinner.

27.     The following day, on August 24, 2018, Johnson was given 0.6 milligrams of insulin at 3:08 a.m.

28.     Johnson was then later purportedly given 0.7 milligrams of insulin at an unknown time.

29.     Johnson was served breakfast; however, Johnson was never offered or provided any other food on August 28, 2018.

30.     At or around 1 p.m., Johnson attended a video hearing at the Blue Spring Municipal Court. The judge released Johnson at the hearing on her own recognizance.

31.     After the hearing, Johnson returned to her jail cell. She was still not provided or offered any food.

32. On or around 4:00 p.m., as Johnson was being processed for release from the Blue Springs Municipal Jail, she started feeling lightheaded.

33. Johnson collapsed, hitting her head and left shoulder on the concrete floor, and lost consciousness.

34. Blue Spring jail personnel again summoned the BSFD.

35. When the BSFD arrived, Johnson's glucose level was again at a dangerously low level of 52. To bring her glucose level back into the normal range, Johnson was administered "glucogel," a gel that raises blood glucose levels quickly.

36. When Johnson regained consciousness, she initially thought she was okay and refused medical treatment for her arm.

37. But when she tried to lift her purse, she could not move her left shoulder. BSFD then transported Johnson to Centerpoint Medical Center in Independence, Jackson County, Missouri.

38. During transport, Johnson's glucose level again tested dangerously low -- in the 40s. Consequently, EMS administered oral glucose to Johnson to stabilize her glucose level.

39. Johnson was diagnosed with hypoglycemia and had sustained a fracture to her left shoulder when she collapsed.

40. At or around 10 p.m., Johnson was released from Centerpoint.

41. Following her release, Johnson underwent physical therapy and followed her discharge instructions.

Electronically Filed - Jackson - Kansas City - November 04, 2020 - 02:57 PM

42.     Despite following her discharge instructions, Johnsons' health declined after her release from Centerpoint.

43.     She experienced debilitating pain in her shoulder on or around October 2, 2018, and presented at the emergency room at Truman Medical Center. Johnson had developed "acute osteomyelitis," a bone infection, in her fractured left shoulder.

44.     As a result of the acute osteomyelitis, Johnson was in acute pain and had lost range of motion in her left arm.

45.     To stop the infection, Johnson was treated with antibiotics for several weeks through an IV and had to remain in the hospital.

46.     Due to the severity of the infection, Johnson underwent surgery to remove the infected tissue and bone.

47.     The surgery ultimately failed, and Johnson has since had seven surgeries on her left shoulder.

48.     Because the John and Jane Does at the Blue Springs Jail failed to provide Johnson adequate nutrition, Johnson became hypoglycemic, collapsed, lost consciousness and fractured her left shoulder.

49.     Defendant John and Jane Does' actions were conducted in the during and in the course and scope of their employment with the City of Blue Springs, Missouri.

50.     Defendant City of Blue Springs, Missouri employed, trained and/or supervised Defendant John and Jane Does.

51. Upon information and belied, Defendant John and Jane Does' actions were conducted pursuant to official police department policies, practices, customs, and procedures promulgated, adopted or ratified by Defendant City of Blue Springs, Missouri.

52. Defendant Bob Muenz is the City of Blue Springs, Missouri Police Chief and is in charge of establishing procedures, practices and policies that ensure that correctional officers employed by Defendant City of Blue Springs, Missouri use proper constitutional procedures when housing inmates at the Blue Spring Jail.

53. Upon information and belief, the City of Blue Springs, Missouri employs policies and training that are substantially certain to result in the kind of constitutional violations and harm that were inflicted on Plaintiff Johnson.

54. The failure of the City of Blue Springs, Missouri to provide Johnson access to competent medical treatment and nutrition constituted complete, deliberate, willful and wanton, and criminal indifference to Johnson's serious medical needs.

55. As a direct and proximate result of the Blue Springs Police Department's willful and wanton indifference to Johnson's serious medical condition, Johnson was caused to suffer great pain, mental anguish and ultimately a fractured, infected and permanently injured left shoulder.

56. On October 25, 2018, counsel for Plaintiff sent a letter to Blue Springs City Attorney Jacqueline Sommer requesting the preservation of evidence and production of documents.

8

57.     In an email message to Plaintiff's counsel, dated November 1, 2018, the Blue Springs City Attorney requested a summary of the civil claim Plaintiff had against the City of Blue Springs, Missouri.

## COUNT I: NEGLIGENCE – BREACH OF MINISTERIAL DUTIES
### (Defendant Muenz)

58.     Plaintiff incorporates all preceding allegations as if fully set forth herein.

59.     At all relevant times, Plaintiff was under the care, custody and control of Defendant Muenz in his capacity as the Police Chief.

60.     Muenz was entrusted with Plaintiff's care and Plaintiff believed she would be properly supervised and monitored and protected from harm and/or injury.

61.     At all times in which Plaintiff was a detainee at the jail, Defendant Muenz had a ministerial duty to possess and use the same degree of care ordinarily used by reasonable and/or careful correctional authorities to properly supervise similarly situated detainees and to protect Plaintiff from the foreseeable and unreasonable risks of harm.

62.     Defendant Muenz had a duty to possess and use that degree of skill and learning ordinarily used in the same or similar circumstances by members of his professional in the care and supervision of Plaintiff.

63.     Defendant Muenz failed to follow clear and unequivocal statutes, policies, procedures, and practices that would have prevented the harm suffered by Plaintiff.

64. Defendant Muenz breached his duty to properly supervise detainees, to intervene effectively, and to provide Plaintiff with a safe environment by acts and failures including, but not limited to:

    a. Negligently and carelessly failing to supervise Plaintiff;

    b. Negligently and carelessly failing to supervise Defendant(s) John and Jane Does;

    c. Negligently and carelessly housing Plaintiff;

    d. Negligently and carelessly failing to provide adequate healthcare to Plaintiff;

    e. Negligently and carelessly failing to provide basic nutritional needs to Plaintiff;

    a. Negligently and carelessly failing to provide adequate medical care in treating her diabetic episode;

    b. Negligently and carelessly failing to provide basic nutritional needs to maintain safe and proper blood glucose levels;

    c. Negligently and carelessly failing to protect her from further injury to her shoulder when she lost consciousness due to low blood glucose levels;

    d. Negligently and carelessly committing other acts and omissions that further damaged Plaintiff, yet unknown to Plaintiff, but which Plaintiff expects to determine during the discovery process.

65. Defendant Muenz breached several ministerial duties in his capacity as Police Chief. Ministerial duties are articulated and prescribed in the form of state

statutes, regulations, policies, rules, and guidelines and must be meticulously followed. Ministerial duties are not to be met with discretion and should be methodically applied to every pertinent instance, yet Defendant Muenz failed to follow any of the rules propounded on him in his capacity as Police Chief.

66. Defendant Muenz breached his ministerial duties, as prescribed by the laws of the state of Missouri and policies, procedures and practices adopted by the City of Blue Springs, an entity within the state, to properly care for and protect inmates, hire, supervise and monitor staff members, and to intervene effectively upon any suspicion that an inmate being subjected to inhumane and/or unsafe conditions.

67. As a direct and proximate result of one or more of Defendant Muenz's failures, Plaintiff sustained damage.

68. Defendant Muenz's conduct which caused these damages was outrageous and constituted gross negligence in that Defendant Muenz knew or in the exercise of ordinary care should have known that his conduct created a high probability of Plaintiff suffering a serious health issue. Defendant Muenz thereby demonstrated a conscious or reckless disregard for the rights of Plaintiff, and other inmates who are similarly situated, justifying the imposition of punitive damages.

69. As a direct and proximate result of Defendant Muenz's negligence, Plaintiff was exposed to a foreseeable and known risk of a serious medical need and has undergone tremendous pain and suffering.

70. As a direct and proximate result of Defendant Muenz's negligence and breach of duty, Plaintiff has suffered and will continue to suffer severe mental,

emotional, and physical harm, including, but not limited to, emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, and other economic damages, including, but not limited to, expenses for past and future medical therapy and treatment.

WHEREFORE, Plaintiff prays for a judgment against Defendant Muenz as determined to be fair and reasonable to compensate Plaintiff for all damage, all interest allowed under Missouri law at a maximum amount, together with costs and for such other relief as this Court deems just and proper.

## COUNT II: NEGLIGENCE – BREACH OF MINISTERIAL DUTIES
### (Defendant City of Blue Springs)

71.     Plaintiff incorporates all preceding allegations as if fully set forth herein.

72.     At all relevant times, Plaintiff was under the care, custody and control of Defendant City of Blue Springs, including under the control of Defendant Muenz in his capacity as the Police Chief.

73.     Moreover, Defendant Muenz, at all pertinent times hereinafter mentioned, was providing services as an agent, servant or employee of Defendant City of Blue Springs.

74.     Plaintiff entrusted Defendant Blue Springs, liable both directly and through the doctrine of *respondeat superior*, and its agents, servants and/or employees, including Defendant Muenz, with her safety and wellbeing during the time she was an inmate at the Blue Springs Jail and believed she would be properly supervised, monitored and protected from harm and/or injury.

75. At all times in which Plaintiff was a detainee at the jail, Defendants Blue Springs and Muenz had a ministerial duty to possess and use the same degree of care ordinarily used by reasonable and/or careful authorities in their field to properly supervise similarly situated detainees and to protect Plaintiff from the foreseeable and unreasonable risks of harm and/or injury.

76. Defendant Blue Springs, liable both directly and through the doctrine of *respondeat superior*, and its agents, servants and/or employees, including Defendant Muenz, Heath and Unidentified John and Jane Does, breached its duty to properly supervise detainees, to intervene effectively, and provide Plaintiff with a safe environment by, including, but not limited to:

    a. Negligently and carelessly failing to supervise Plaintiff;

    b. Negligently and carelessly failing to supervise Defendant(s) John and Jane Does;

    c. Negligently and carelessly housing Plaintiff;

    d. Negligently and carelessly failing to provide adequate healthcare to Plaintiff;

    e. Negligently and carelessly failing to provide basic nutritional needs to Plaintiff;

    e. Negligently and carelessly failing to provide adequate medical care in treating her diabetic episode;

    f. Negligently and carelessly failing to provide basic nutritional needs to maintain safe and proper blood glucose levels;

g. Negligently and carelessly failing to protect her from further injury to her shoulder when she lost consciousness due to low blood glucose levels;

h. Negligently and carelessly committing other acts and omissions that further damaged Plaintiff, yet unknown to Plaintiff, but which Plaintiff expects to determine during the discovery process.

77.     Defendant Blue Springs is liable directly and through *respondeat superior* for any breach of a ministerial duty that resulted in harm to Plaintiff.

78.     As a direct and proximate result of its own failures and the failures of one or more of its agents, servants and/or employees of Defendant Blue Springs, including Defendant Muenz, Plaintiff suffered damages. Defendant Muenz's conduct, which caused these damages, was outrageous and constituted gross negligence in that Defendant Muenz knew or in the exercise of ordinary care should have known that his conduct created a high probability of Plaintiff suffering a serious health issue. Defendant Blue Springs thereby demonstrated a conscious or reckless disregard for the rights of Plaintiff, and other inmates who are similarly situated, justifying the imposition of punitive damages.

79.     As a direct and proximate result of the aforesaid negligence and careless of Defendant Blue Springs, by and through its agents, servants and/or employees, including Defendant Muenz, Plaintiff was exposed to a foreseeable and known risk of a serious medical need and has undergone tremendous pain and suffering.

80.     As a direct and proximate result of the negligence and breach of duty by Defendant Blue Springs, by and through its agents, servants and/or employees,

14

including Defendant Muenz, Plaintiff has suffered and will continue to suffer severe mental, emotional, and physical harm, including, but not limited to, emotional distress, embarrassment, loss of self-esteem, loss of enjoyment of life, and other economic damages, including, but not limited to, expenses for past and future medical therapy and treatment.

WHEREFORE, Plaintiff prays for a judgment against Defendant Muenz as determined to be fair and reasonable to compensate Plaintiff for all damage, all interest allowed under Missouri law at a maximum amount, together with costs and for such other relief as this Court deems just and proper.

## COUNT III: SECTION 1983 CLAIM FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS
### (All Defendants)

81.     Plaintiff incorporates all preceding allegations as if fully set forth herein.

82.     Insulin dependent diabetes is a serious medical condition.

83.     Defendants were aware of Plaintiff's serious medical condition.

84.     Despite being notified upon her arrival at the jail facility that Plaintiff was an insulin dependent diabetic, Defendants disregarded the fact that Plaintiff was diabetic, that she needed insulin and to maintain proper nutritional needs, that she would experience light headedness and loss of balance when they did not provide her with proper nutrition to elevate her blood glucose levels, and that, if she should lose balance, that there was a real risk of her sustaining an injury.

85.     The City of Blue Springs was deliberately indifferent to her serious medical condition in that the City of Blue Springs jail staff was dismissive of the

15

seriousness of her diabetic episode, denied or delayed her access to medical care, intentionally interfered with her treatment by failing to provide her adequate food, and this misconduct justifies an award of punitive damages for its improper conduct and to deter the City of Blue Springs and other municipalities from violating the 8th amendment rights of those in custody.

86.     Defendants were aware of her serious medical condition and that a serious risk of harm to Plaintiff existed if her diabetes was not properly treated.

87.     Defendants were aware of her serious medical condition and that a serious risk of harm to Plaintiff existed if she was not properly protected from falling due to her lightheadedness.

88.     In failing to take required precautionary steps to prevent or reduce the risk of serious medical need, Defendants showed a deliberate indifference and conscious disregard to Plaintiff's health and wellbeing, violating her Constitutional rights under the Eighth Amendment to the United States Constitution and her rights under federal laws requiring that correctional facilities provide inmates the basic necessities of life.

89.     At all times relevant herein, the individual Defendants were acting under color of law prescribed to them and/or pursuant to policies, customs, and/or practices of Defendant Blue Springs.

90.     As a direct and proximate result of the foregoing violation of Plaintiff's federal constitutional and legal rights, she suffered and continues to suffer conscious

16

physical and emotional pain and suffering, humiliation, and other related compensatory damages, and loss of past and future earnings.

91.    As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed deliberate indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or deter them and others similarly situated from such conduct in the future.

92.    No Defendant is entitled to qualified immunity for their actions.

93.    Plaintiff is entitled to reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Mary Johnson prays for declaratory judgment that Defendant Blue Spring's acts to be a deprivation of Plaintiff's constitutionally and statutorily protected rights, in violation of Section 1983; and for a judgment against Defendants, as determined to be fair and reasonable to compensate Plaintiff for all damages, all interest allowed under Missouri law at a maximum amount, together with costs and reasonable attorney's fees, and for such other relief as this Court deems just and proper.

### COUNT IV: SECTION 1983 CLAIM FOR VIOLATIONS OF POLICIES, PRACTICES, CUSTOMS, PATTERNS OF CONDUCT AND PROCEDURES
#### (Defendant City of Blue Springs)

94.    Plaintiff incorporates all preceding allegations as if fully set forth herein.

Electronically Filed - Jackson - Kansas City - November 04, 2020 - 02:57 PM

95.     Defendant Blue Springs had in effect, both before and at the time of the events alleged herein, policies, practices, patterns of conduct and customs that operated to deprive Plaintiff of her constitutional and statutory rights.

96.     Defendant Blue Springs is liable under 42 U.S.C. § 1983 because it established policies and practices that were intended to and did encourage, endorse, and reward its agents, employees, and officers for violating the constitutional and statutory rights of Plaintiff and other similarly situated persons. At a minimum, the supervisors and the governmental agents were deliberately indifferent to such violations.

97.     Defendant Blue Springs engaged in unlawful and unconstitutional policies, practices, patterns of conduct and customs, actions and/or inactions, which has encouraged, ratified, and been deliberately indifferent to the following policies, patterns, practices, and customs and to the need for more or different training, supervision, investigation, or discipline in the areas of:

    a. Corrections officers' and employees' duties and responsibilities concerning the monitoring of inmates within the Blue Springs Municipal Jail;

    b. Corrections officers' and employees' duties and responsibilities concerning providing adequate medical care to inmates within the Blue Springs Municipal Jail;

18

Electronically Filed - Jackson - Kansas City - November 04, 2020 - 02:57 PM

    c. Corrections officers' and employees' duties and responsibilities concerning providing basic nutritional needs to inmates within the Blue Springs Municipal Jail;

    d. Corrections officers' and employees' duties and responsibilities concerning providing appropriate care for insulin dependent diabetics to inmates within the Blue Springs Municipal Jail; and

    e. The hiring and retention of corrections officers who are unqualified for their employment position.

98. Defendant Blue Springs had acquired before and during the time periods of the events described herein each of the policies, practices, patterns of conduct and customs listed in this Count.

99. These interrelated policies, practices, patterns of conduct and customs, separately and together, were intentionally implemented to deprive detainees of their constitutional and statutory rights, or, at the very least, were implemented with a deliberate indifference to their rights and were a direct and proximate cause of such violations and injuries sustained by Plaintiff.

100. As a direct and proximate result of the foregoing violation of Plaintiff's federal constitutional and legal rights, she suffered and continues to suffer conscious physical and emotional pain and suffering, and other related compensatory damages, and loss of past and future earnings.

101. As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed deliberate indifference to and/or conscious disregard for the

Electronically Filed - Jackson - Kansas City - November 04, 2020 - 02:57 PM

rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or deter them and others similarly situated from such conduct in the future.

102.    No Defendant is entitled to qualified immunity for its actions.

103.    On information and belief, the violations of Plaintiff's Constitutional rights are part of a pattern and practice of similar behavior on the part of Defendants.

104.    Plaintiff is entitled to reasonable attorneys' fees pursuant to the 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Mary Johnson prays for declaratory judgment that Defendant Blue Spring's acts to be a deprivation of Plaintiff's constitutionally and statutorily protected rights, in violation of Section 1983; and for a judgment against Defendants, as determined to be fair and reasonable to compensate Plaintiff for all damages, all interest allowed under Missouri law at a maximum amount, together with costs and reasonable attorney's fees, and for such other relief as this Court deems just and proper.

## COUNT V: SECTION 1983 CLAIM FOR FAILURE TO TRAIN
### (Defendants City of Blue Springs and Muenz)

105.    Plaintiff incorporates all preceding allegations as if fully set forth herein.

106.    The actions and/or inactions of Defendants, including, but not limited to, Healy, Unidentified John and Jane Does and other agents and/or employees of the jail, deprived Plaintiff of her Constitutional rights to basic necessities of life while incarcerated.

107.    Defendants Blue Springs and Muenz were or should personally have been aware that Plaintiff faced a substantial risk of a serious harm by failing to properly train their subordinate officers as set forth herein.

108.    On information and belief, the training policies of Defendants Blue Springs and Muenz were not adequate to train their officers and employees to handle the usual and recurring situations with which they must deal, including, but not limited to:

a. Failing to properly train jail staff to evaluate inmate medical conditions;

b. Failing to properly train jail staff to review inmate medical records;

c. Failing to properly train jail staff to observe the well-being and health of inmates;

d. Failing to properly train jail staff to dispense timely and appropriate nutrition and/or medical care to inmates of the Blue Springs Municipal Jail;

e. Failing to properly train jail staff on how to recognize, identify and respond to her diabetic episode;

f. Failing to properly train jail staff on the importance of supplying food to insulin-dependent diabetics after being given insulin;

g. Failing to properly train jail staff to observed and treat insulin-dependent diabetics during a diabetic episode; and

h. Failing to properly train jail staff in preventing injury and harm to insulin-dependent diabetics suffering from low blood glucose levels.

109.    Defendants Blue Springs and Muenz were deliberately indifferent to the obvious consequences of their failure to train its officers and employees adequately.

110.    The failure of Defendants Blue Springs and Muenz to provide adequate training caused the deprivation of Plaintiff's rights by Healy and Unidentified John and Jane Does and others that caused the injuries and damages to Plaintiff.

111.    As a direct and proximate result of the foregoing violation of Plaintiff's federal constitutional and legal rights, she suffered and continues to suffer conscious physical and emotional pain and suffering, and other related compensatory damages, and loss of past and future earnings.

112.    As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed deliberate indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or deter them and others similarly situated from such conduct in the future.

113.    No Defendant is entitled to qualified immunity for its actions.

114.    On information and belief, the violations of Plaintiff's Constitutional rights are part of a pattern and practice of similar behavior on the part of Defendants.

115.    Plaintiff is entitled to reasonable attorneys' fees pursuant to the 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Mary Johnson prays for declaratory judgment that Defendant Blue Spring's acts to be a deprivation of Plaintiff's constitutionally and statutorily protected rights, in violation of Section 1983; and for a judgment against

22

Defendants, as determined to be fair and reasonable to compensate Plaintiff for all damages, all interest allowed under Missouri law at a maximum amount, together with costs and reasonable attorney's fees, and for such other relief as this Court deems just and proper.

### COUNT VI: SECTION 1983 CLAIM FOR FAIILURE TO SUPERVISE
### (Defendants Blue Springs and Muenz)

116.    Defendants Blue Springs and Muenz owed Plaintiff a duty to supervise and train staff at the Blue Springs Municipal Jail to provide a safe environment and to tend to her medical needs.

117.    Defendants provided inadequate supervision of their subordinates so as to ensure compliance with existing department policies and procedures, as well as appropriate "industry standards."

118.    Defendants made a deliberate choice not provide adequate supervision over their subordinates.

119.    Defendants Blue Springs and Muenz breached their duties by:

   a.  Failing to properly supervise jail staff when evaluating Plaintiff's and other inmates' medical conditions;

   b.  Failing to properly supervise jail staff when reviewing Plaintiff's and other inmates' medical records;

   c.  Failing to properly supervise jail staff when observing the well-being and health of Plaintiff and other inmates;

d.  Failing to properly supervise jail staff when dispensing timely and appropriate nutrition and/or medical care to Plaintiff and other inmates of the Blue Springs Municipal Jail;

e.  Failing to properly supervise jail staff on how to recognize, identify and respond to Plaintiff's diabetic episode;

f.  Failing to properly supervise jail staff on the importance of supplying food to Plaintiff after administering insulin;

g.  Failing to properly supervise jail staff when Plaintiff was being observed and treated during her diabetic episode; and

h.  Failing to properly supervise jail staff when Plaintiff was allowed to fall after losing balance due to low blood glucose levels.

120.    Defendants Blue Springs and Muenz were deliberately indifferent to the obvious consequences of their failure to train its officers and employees adequately.

121.    The failure of Defendants Blue Springs and Muenz to provide adequate training caused the deprivation of Plaintiff's rights by Healy and Unidentified John and Jane Does and others that caused the injuries and damages to Plaintiff.

122.    As a direct and proximate result of the foregoing violation of Plaintiff's federal constitutional and legal rights, she suffered and continues to suffer conscious physical and emotional pain and suffering, and other related compensatory damages, and loss of past and future earnings.

123.    As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed deliberate indifference to and/or conscious disregard for the

24

rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or deter them and others similarly situated from such conduct in the future.

124.    No Defendant is entitled to qualified immunity for its actions.

125.    On information and belief, the violations of Plaintiff's Constitutional rights are part of a pattern and practice of similar behavior on the part of Defendants.

126.    Plaintiff is entitled to reasonable attorneys' fees pursuant to the 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Mary Johnson prays for declaratory judgment that Defendant Blue Spring's acts to be a deprivation of Plaintiff's constitutionally and statutorily protected rights, in violation of Section 1983; and for a judgment against Defendants, as determined to be fair and reasonable to compensate Plaintiff for all damages, all interest allowed under Missouri law at a maximum amount, together with costs and reasonable attorney's fees, and for such other relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**PROTZMAN LAW FIRM, LLC**

*By:* /s/ Ben Stelter-Embry
Andrew B. Protzman, MO # 47086
Ben Stelter-Embry, MO # 65404
1100 Main Street, Suite 2430
Kansas City, MO 64105

Phone: (816) 421-5100
Fax: (816) 421-5101
andy@protzmanlaw.com
ben@protzmanlaw.com

**ATTORNEYS FOR PLAINTIFF**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☒ AT KANSAS CITY ☐ AT INDEPENDENCE

**RE**: **MARY P JOHNSON V CITY OF BLUE SPRINGS, MISSO ET AL**
**CASE NO:** **2016-CV22915**

**TO:** **BENJAMIN ALLEN STELTER-EMBRY**
**PROTZMAN LAW FIRM LLC**
**1100 MAIN STREET**
**SUITE 2430**
**KANSAS CITY, MO 64105**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>11-4-20</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER: How do you want service to be done? You have a balance of $50.00 in the open item account, if you want the Sheriff to serve a balance of $94.00 is due. Any questions, please call 881-1370.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

<u>**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.**</u>

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed NOVEMBER 6, 2020 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

_____NOVEMBER 6, 2020_____
Date

By _____*Cheryl Smalley*_____
Deputy Court Administrator
☒ 415 East 12th St., Kansas City, Missouri 64106
☐ 308 W. Kansas, Independence, Missouri 64050

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**MARY PAT JOHNSON**,

              **PLAINTIFF(S)**,           **CASE NO.** 2016-CV22915

**VS.**                                           **DIVISION 14**

**CITY OF BLUE SPRINGS, MISSOURI**, **ET AL**

              **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JOHN M. TORRENCE** on **24-FEB-2021** in **DIVISION 14** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

      a.      A trial setting;

      b.      Expert Witness Disclosure Cutoff Date;

      c.      A schedule for the orderly preparation of the case for trial;

      d.      Any issues which require input or action by the Court;

      e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

_/S/ JOHN M. TORRENCE_
JOHN M. TORRENCE**, Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ANDREW BENTLEY PROTZMAN, PROTZMAN LAW FIRM LLC, 1100 MAIN STREET, SUITE 2430, KANSAS CITY, MO 64105

BENJAMIN ALLEN STELTER-EMBRY, PROTZMAN LAW FIRM LLC, 1100 MAIN STREET, SUITE 2430, KANSAS CITY, MO 64105

Defendant(s):
 CITY OF BLUE SPRINGS, MISSOURI
BOB MUENZ
BRADLEY HEATH
UNIDENTIFIED CORRECTIONS OFFICERS 1-5

Dated:  06-NOV-2020                                          MARY A. MARQUEZ
                                                                          Court Administrator

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| **MARY PAT JOHNSON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )    **Case No. 2016-CV22915** |
| **v.** | ) |
| | )    **Division No. 14** |
| **CITY OF BLUE SPRINGS,** | ) |
| **MISSOURI, et al.** | ) |
| | ) |
| **Defendants.** | ) |

<u>**REQUEST AND SERVICE INSTRUCTION FORM**</u>

To: Clerk of the Circuit Court

     Please issue Summonses in the above-entitled action for City of Blue Springs, Missouri, Bob Muenz, in his individual capacity as Chief of Police Blue Springs Police Department, Bradley Heath, and Unidentified Corrections Officers 1-5. You are hereby instructed to effect service on the following persons at the following addresses as directed below:

**City of Blue Springs, Missouri**
Serve:
Sheryl Morgan, City Clerk
903 W. Main St.
Blue Springs, MO 64105

**Bob Muenz**
Serve:
Sheryl Morgan, City Clerk
903 W. Main St.
Blue Springs, MO 64105

**Bradley Heath**
Serve:
Sheryl Morgan, City Clerk
903 W. Main St.
Blue Springs, MO 64105

and

**Unidentified Corrections Officers 1-5**
Serve:
Sheryl Morgan, City Clerk
903 W. Main St.
Blue Springs, MO 64105

    X   a.      Service through the office of the Sheriff of Jackson County, State of Missouri, other than by certified mail.

_____ b.      Service by a Process Server authorized or appointed by the provisions.

_____ c.      Certified mail service by the undersigned litigant/attorney, who understands that the responsibility for obtaining service and affecting its return shall be on the attorney. The Receipt for service (green card) must be filed with the Clerk's office before service can be perfected.

Respectfully submitted,

**PROTZMAN LAW FIRM, LLC**

*By:* /s/ Ben Stelter-Embry
Andrew B. Protzman, MO #47086
Ben Stelter-Embry, MO # 65404
1100 Main Street, Suite 2430
Kansas City, MO 64105
Phone: (816) 421-5100
Fax: (816) 421-5101
andy@protzmanlaw.com
ben@protzmanlaw.com

**ATTORNEYS FOR PLAINTIFF**



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JOHN M. TORRENCE | Case Number: 2016-CV22915 |
|---|---|
| Plaintiff/Petitioner:<br>MARY PAT JOHNSON<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM LLC<br>1100 MAIN STREET<br>SUITE 2430<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>CITY OF BLUE SPRINGS, MISSOURI | Court Address:<br>415 E 12th |
| Nature of Suit:<br>CC Pers Injury-Other | KANSAS CITY, MO 64106 |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** BOB MUENZ
**Alias:** **IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE BLUE SPRINGS**
**POLICE DEPARTMENT**
**SRV CITY CLERK: SHERYLMORGAN**
**903 W MAIN ST**
**BLUE SPRINGS, MO 64015**



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

09-NOV-2020
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server                     Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

|  | Subscribed and sworn to before me on _____ (date). |
|---|---|
| *(Seal)* | My commission expires: _____  _____ |
| | Date                                          Notary Public |

| **Sheriff's Fees** | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-10214** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00949-FJG   Document 1-2   Filed 12/01/20   Page 33 of 40

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JOHN M. TORRENCE | Case Number: 2016-CV22915 |
|---|---|
| Plaintiff/Petitioner:<br><br>MARY PAT JOHNSON<br><br><br>         **vs.** | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM LLC<br>1100 MAIN STREET<br>SUITE 2430<br>KANSAS CITY, MO  64105 |
| Defendant/Respondent:<br>CITY OF BLUE SPRINGS, MISSOURI | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: BRADLEY HEATH
        **Alias:**
SRV CITY CLERK: SHERYL MORGAN
903 W MAIN ST
BLUE SPRINGS, MO  64015



*COURT SEAL OF*

*JACKSON COUNTY*

    **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

09-NOV-2020
   Date                Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____   _____
  Printed Name of Sheriff or Server        Signature of Sheriff or Server
     **Must be sworn before a notary public if not served by an authorized officer:**

       Subscribed and sworn to before me on _____ (date).
  *(Seal)*

       My commission expires: _____  _____
               Date        Notary Public

---

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN M. TORRENCE | **Case Number: 2016-CV22915** |
| Plaintiff/Petitioner:<br>MARY PAT JOHNSON<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM LLC<br>1100 MAIN STREET<br>SUITE 2430<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>CITY OF BLUE SPRINGS, MISSOURI | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** CITY OF BLUE SPRINGS, MISSOURI
**Alias:**
SRV CITY CLERK: SHERYL MORGAN
903 W MAIN ST
BLUE SPRINGS, MO 64015

*COURT SEAL OF*

*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

09-NOV-2020
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

Date

_____
Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id# 20-SMCC-10213** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:20-cv-00949-FJG   Document 1-2   Filed 12/01/20   Page 37 of 40

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>JOHN M. TORRENCE | **Case Number: 2016-CV22915** |
|---|---|
| Plaintiff/Petitioner:<br>MARY PAT JOHNSON<br><br><br><br>         **vs.** | Plaintiff's/Petitioner's Attorney/Address<br>BENJAMIN ALLEN STELTER-EMBRY<br>PROTZMAN LAW FIRM LLC<br>1100 MAIN STREET<br>SUITE 2430<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>CITY OF BLUE SPRINGS, MISSOURI | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Other | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** UNIDENTIFIED CORRECTIONS OFFICERS 1-5
**Alias:**
SRV CITY CLERK: SHERYL MORGAN
903 W MAIN ST
BLUE SPRINGS, MO 64015

*COURT SEAL OF*

*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

09-NOV-2020
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JACKSMCC) *For Court Use Only:* **Document Id# 20-SMCC-10248** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo
Case 4:20-cv-00949-FJG   Document 1-2   Filed 12/01/20   Page 39 of 40

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020